Weygandt, C. J.
 

 Although a majority of the members of the court are of the opinion that Sections 13446-2
 
 et seq.,
 
 General Code, are unconstitutional, and that therefore this case is not properly brought into this court, nevertheless the case will be considered on its merits inasmuch as that opinion is not shared by at least six members of the court as required by Article IY, Section 2, of the Ohio Constitution.
 
 State
 
 v.
 
 Kassay, ante,
 
 177, 184 N. E., 521;
 
 State
 
 v.
 
 Whitmore, ante,
 
 381, 185 N. E., 547.
 

 It is the contention of Ponticos that he used the United States mail as
 
 his
 
 agency and that therefore there was technically no delivery or “making” the
 
 *433
 
 statement until it reached the Heller company, which was located in Chicago, where the two checks were later placed in the mail.
 

 The prosecuting attorney presents several answers to the foregoing contentions. He points to the following language of Section 13426-10, which reads: “The crime of obtaining anything of value by false pretenses and with intent to defraud, and the crime of obtaining signature of another to a written instrument by like means and with like intent, may be alleged to have been committed, and may be prosecuted and punished, in any county where the false pretense was made, written or used, or in or through which any of the property or written instrument obtained was carried, sent, transported or received by or for the accused.”
 

 This would seem to be decisive of the matter. However, Ponticos contends that the use of the word “crime” instead of the plural “crimes” indicates the intention of the Legislature to limit the application of this section to the crimes of obtaining property by false pretense and of uttering and publishing a forged instrument, as defined in Section 13104, General Code. The wording of this latter section is by no means the same as that of Section 13426-10. For one thing it should be noticed that while Section 13426-10 does use the word “crime” instead of “crimes,” use is made of the word “pretenses” instead of “pretense” as appears in Section 13104. Furthermore, the context imports the broad or generic sense of the word “crime.” Probably no useful purpose would be served by mentioning other manifest differences. It is sufficient to state the view of the court that Section 13426-10 should not be given the narrow construction urged by Ponticos. Significantly the section appears in a chapter which seems to have been enacted for the purpose of dealing generally with the whole subject of venue and providing rules of uniform application.
 

 
 *434
 
 In view of the foregoing the exceptions of the prosecuting attorney will be sustained.
 

 Exceptions sustained.
 

 Day, Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.